# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHEMING NERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-16-468-CVE-PJC |
| | ) | |
| 1. CITY OF TULSA, | ) | JURY TRIAL DEMANDED |
| 2. MARK ROGERS, in his individual capacity as Collections System Manager, and | ) ) ) | ATTORNEY LIEN CLAIMED |
| 3. APRIL THOMAS, in her individual capacity as Customer Service Supervisor, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Cheming Nero, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.  Plaintiff, Cheming Nero, is an adult Black female who resides in Tulsa County, Oklahoma.

2.  The Defendants are:

    a) The City of Tulsa, a governmental entity doing business in Tulsa County, Oklahoma (hereinafter referred to as "City");

    b) Mark Rogers, in his individual capacity, who at all times relevant hereto was the Collections System Manager for the City of Tulsa Water and Sewage Department;

1

and

c) April Thomas, in her individual capacity, who at all times relevant hereto was the Customer Service Supervisor for the City of Tulsa Water and Sewage Department.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant City and is based on claims of: (a) racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; (b) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA").

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. All of the actions complained of herein occurred in Tulsa County, Oklahoma. Defendants are doing business in said county and may be served in said county. Tulsa County is located in the Northern District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing with the Equal Employment Opportunity Commission ("EEOC") on or about July 1, 2014. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated April 18, 2016 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff is a Black female born in 1973, making her over the age of forty (40) at all relevant times hereto.

8. Plaintiff was hired with Defendant City on or about August 11, 2014, as an Administrative Assistant II in the Water and Sewage Department.

9. During Plaintiff's employment, Defendant Thomas was the Customer Service Supervisor overseeing administrative assistants in Collections. Upon information and belief, Thomas reported to Defendant Rogers (who is White), who was the Collections Systems Manager.

10. Neither Thomas or Rogers were involved in hiring Plaintiff.

11. Plaintiff met Thomas on Plaintiff's first day of employment. At that time, Plaintiff was informed that Thomas was her immediate supervisor and would be training Plaintiff. Plaintiff also received training provided by Janet (last name unknown)(who is White), at the direction of Thomas.

12. In or around late August/early September 2014, Ashley Wilkins (who is White, believed to be in her 20s), was hired as an Administrative Assistant reporting to Thomas.

13. In or around mid-September 2014, Plaintiff noticed that Wilkins was being trained and performing tasks for which Plaintiff was not trained, even though Plaintiff was hired before Wilkins.

14. Thus, in or around early October 2014, Plaintiff asked Thomas about such

3

training. Specifically, Plaintiff asked Thomas why Wilkins was being trained to do tasks that Plaintiff was not. Plaintiff further asked for the same training opportunities as Wilkins. Plaintiff told Thomas she was being treated differently, and felt it was because she was Black and older than the other women working in Plaintiff's area.

15. Thomas denied that the lack of training was discriminatory and said that some employees catch on faster than others. However, based on Plaintiff's observations, Plaintiff and Wilkins were progressing at a similar pace.

16. On or about October 16, 2014, Plaintiff received a call on her lunch break from her three-year-old son's daycare. The daycare advised that her son fell and hit his head. Plaintiff called the office to notify Defendant Thomas that she would be returning late from lunch because she needed to check on her son. However, Defendant Rogers (who is White) answered Plaintiff's call. Thus, Plaintiff explained the issue to Rogers and notified him she would be returning late from her lunch.

17. In response, Rogers told Plaintiff that it seemed things were not working out for Plaintiff, that Plaintiff was terminated, and that Plaintiff needed to turn in her badge. Rogers offered no further explanation for Plaintiff's termination.

18. The proffered reason for Plaintiff's termination was merely pretext for unlawful discrimination due to Plaintiff's race and age, and in retaliation for her complaint of the same. Plaintiff was not issued any discipline, nor did she receive any other indication that Defendants were dissatisfied with her work.

19. Moreover, other White, similarly-situated employees, including Wilkins, were permitted to take multiple breaks, take long lunches, or make up missed time, and were not terminated for such conduct.

20. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described below.

### COUNT I - Race - Title VII

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

21. This Count goes against Defendant City only.

22. The acts described above constitute discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

23. Plaintiff is entitled to relief because she is Black, was qualified for her job, was terminated, and her position was not eliminated after her termination.

24. Plaintiff is further entitled to relief because she engaged in a protected activity by lodging a complaint of race discrimination, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

25. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

26. Because the actions of the Defendants were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II - Race - 42 U.S.C. § 1981

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

27. This Count goes against all Defendants.

28. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination and retaliation.

29. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

30. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT III - ADEA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31. The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

32. Plaintiff is entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); she was qualified for her job; she was terminated; and her position was not eliminated.

33. Plaintiff is further entitled to relief under because she engaged in a protected activity by lodging a complaint of age discrimination, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

34. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against Defendants and assess actual, compensatory, liquidated damages, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 15TH DAY OF JULY, 2016.**

    s/ Jana B. Leonard
    JANA B. LEONARD, OBA# 17844
    LEONARD & ASSOCIATES, P.L.L.C.
    8265 S. WALKER
    OKLAHOMA CITY, OK 73139
    (405) 239-3800    (telephone)
    (405) 239-3801    (facsimile)
    leonardjb@leonardlaw.net

    JURY TRIAL DEMANDED
    ATTORNEY LIEN CLAIMED